UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

MAURICE DEWS,

      Petitioner,

v.

ERIC WILLIAMS,

      Respondent.

Case No. 20-CV-411-SPM

Petitioner Maurice Dews, a federal prisoner incarcerated at FCI-Greenville, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. He claims that pursuant to the U.S. Supreme Court's recent decision in *Davis v. United States*, __ U.S.__ 2019, 139 S.Ct. 2319 (June 24, 2019), his conviction and sentence for aggravated assault while armed should be vacated.

This case is now before the Court for preliminary review of the Petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[2]

---

[2] Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

On November 11, 2011, Dews pled guilty to five arson crimes and four charges of aggravated assault while armed. *See United States v. Dews,* Case No. 2011-CF3-012693 (D.C. Super. Ct.). On March 12, 2012, Dews was sentenced to aggregating 25 years imprisonment to be served in the Federal Bureau of Prisons.

On April 30, 2012, Dews filed an appeal to the District of Columbia Court of Appeals, which was dismissed as untimely. *See Dews v. United States,* App. No. 597. In February 2013, Dews sent a letter to the Court, which was deemed to be a *pro se* §23-110 motion. On September 17, 2013, the Court denied the §23-110, finding that the conviction and sentence were not flawed by ineffective assistance of counsel ("IAC"). At that time, the Court also agreed to revitalize Dews' appeal. On June 13, 2014, the Court of Appeals affirmed the trial court's judgment of conviction.

On February 3, 2015, Dews filed a *pro se* motion/petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 where he alleged ineffective assistance of trial counsel; ineffective assistance of appellate counsel, pre-plea allegations of ineffective assistance of counsel; and, disregard of Dews' mental health issues insofar as they could have mitigated his liability and/or sentence *Dews v. United States,* 15-cv-164 (D.C. Dist. Ct.). On December 16, 2015, the D.C. District Court dismissed this matter as it lacked meritorious issues for appellate review. Notwithstanding the foregoing, the Court noted that for purposes of § 2254, the local courts of the District of Columbia are considered state courts. *Milhouse v. Levi,* 548 F.2d 357 (D.C Cir. 1976).

A federal prisoner is generally limited to one postconviction challenge by way of a motion under 28 U.S.C. § 2255; however, Dews is a "state" prisoner. A District of Columbia offender who has been convicted in and sentenced by the Superior Court

ordinarily must present challenges to his conviction and sentence by motion under D.C. Code § 23-110(a) in the Superior Court. *See Head v. Wilson,* 792 F.3d 102 (D.C. Cir. 2015)("Section 23-110 establishes the procedure by which a person sentenced by the superior court can seek collateral review of his conviction or sentence."). Once the state prisoner has exhausted D.C. Code § 23-110, there is a procedure for filing a motion for writ of habeas corpus under § 2254. Dews followed that procedure and filed his claim accordingly.  If he wants to bring another appeal, he needs to consult with D.C. Code § 23-110 for if and how he can do so.

## Disposition

For the foregoing reasons, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED with prejudice**.

It is not necessary for Petitioner to obtain a certificate of appealability for an appeal from this petition brought under § 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within the time allotted in Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues he plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If he does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  March 19, 2021**

<u>**s/ Stephen P. McGlynn**</u>
**STEPHEN P. McGLYNN**
**United States District Judge**
